Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| ÁNGEL QUIDGLEY RODRÍGUEZ Y OTROS<br><br>APELANTES<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>APELADOS | KLAN202500036 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.:<br>SJ2024CV08309<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Comparecen el señor Ángel Quidgley Rodríguez (Sr. Quidgley Rodríguez) y la señora Teresa de Jesús Cámara Nazario (Sra. Cámara Nazario), la parte demandante-apelante, mediante el presente recurso de *Apelación* y nos solicitan que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 16 de diciembre de 2024. En el referido dictamen, el foro primario declaró **Ha Lugar** la solicitud de desestimación presentada por Puerto Rico Telephone Company, Inc. (PRTC).

Por los fundamentos que expondremos a continuación, confirmamos el dictamen apelado.

**I**

El 9 de septiembre de 2024, el Sr. Quidgley Rodríguez y la Sra. Cámara Nazario incoaron una *Demanda* sobre daños y perjuicios contra el Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, por conducto del Departamento de Justicia, y

Número Identificador
RES2025_____

**contra PRTC haciendo negocios como sigue**: CLARO PUERTO RICO; Liberty Comunications of Puerto Rico, LLC; el Municipio de San Juan, Mapfre-Praico Insurance Company y parte demandadas A, B, C, D.[1] En esencia, se alegó en la demanda que **el 20 de marzo de 2023** el Sr. Quidgley Rodríguez mientras cursaba por una acera de la Calle de Diego, frente al Hospital San Francisco en el Municipio de San Juan, calló en un hoyo, abertura, toma o caja que se encontraba fuera de servicio y rellena de piedras y basura. Adujo que a raíz de este accidente se lastimó su muñeca y obtuvo laceraciones en una rodilla.

Por otro lado, la parte apelante expone que, mediante su representación legal, envió comunicaciones extrajudiciales el 19 de diciembre de 2023, al Municipio de San Juan y al Departamento de Justicia. Sobre lo que nos concierne a la controversia ante nuestra consideración, adujo que el incidente y sus daños sufridos fueron causados por la negligencia de PRTC quienes no tomaron las medidas de cuidado adecuadas en sus tomas o cajas, cuando estas están en desuso, ubicadas en la acera para así evitar que los peatones sufran accidentes mientras transcurren las vías.

La parte demandante presentó el escrito titulado *Moción informando enmienda a demanda*, el 10 de septiembre de 2024.[2] Ese mismo día, el TPI emitió una *Orden* que admitió la demanda enmendada.[3]

Así las cosas, el 19 de septiembre de 2024, la parte demandante presentó su *2da demanda enmendada*.[4] En el referido escrito, añadió como demandando al Estado Libre Asociado de Puerto Rico.

El 1 de noviembre de 2024, PRTC presentó una *Solicitud de desestimación parcial*.[5] En la referida solicitud, alegó que procedía la desestimación de la acción presentada en su contra, debido a que la misma se encontraba parcialmente prescrita. Arguyó que la parte demandante

---

[1] Apéndice de *Apelación*, págs. 1-6.
[2] *Id.* págs. 9-10.
[3] *Id.* pág.11.
[4] *Id.* págs. 13-18.
[5] *Id.* págs. 38-51.

presentó la causa de acción en su contra un año y cinco meses luego de los alegados hechos ocurridos. Adujo, del mismo modo, que mediante el transcurso del término no recibió ninguna comunicación extrajudicial por parte del demandante. Arguyó que debido a que la parte demandante no desplegó una diligencia razonable para dar con el paradero de estos, la causa de acción prescribió, por lo que procedía su desestimación.

El 1 de noviembre de 2024, PRTC también presentó una *Solicitud de desestimación parcial y/o sentencia sumaria parcial*.[6] En esencia, alegó que procedía la desestimación de la causa de acción en su contra, debido a que no existía ninguna relación entre estos y los elementos que causaron los alegados hechos descritos por la parte demandante. Arguyó que no son propietarios ni tienen control sobre la carretera o acera donde ocurrió el alegado accidente. Del mismo modo, alegó que no realizó ninguna labor en la infraestructura cercana a la fecha de los alegados hechos. Finalmente, adujo que no poseía control o dominio sobre la caja o registro instalado en la acera, por lo que solicitó la desestimación de la causa de acción en su contra.

Tras algunos incidentes procesales, el 4 de diciembre de 2024, la parte demandante presentó su *Oposición a solicitud de desestimación de la PRTC*.[7] En el aludido escrito, adujo que fue diligente en su reclamación, cursándole al Municipio de San Juan y la Autoridad de Acueductos y Alcantarillados (A.A.A.) reclamaciones extrajudiciales sobre el incidente ocurrido el 20 de marzo de 2023. Arguyó que advino en conocimiento de que ninguno de los dos fue responsable del incidente el 21 de septiembre de 2023 y el 6 de octubre de 2023. En específico, alegó que fue gracias a la comunicación recibida el 6 de octubre de 2023 por parte de Mapfre-Praico en representación de A.A.A., que advino en conocimiento de que era otra persona la que le había causado su daño, presentando su reclamación judicial antes de que prescribiera su causa de acción.

---

[6] Apéndice de *Apelación*, págs. 52-59.
[7] *Id.* págs. 89-116.

Finalmente, el 16 de diciembre de 2024, luego de varios trámites procesales, el Tribunal de Primera Instancia emitió una *Sentencia Parcial* en la cual declaró **Ha Lugar** la *Solicitud de desestimación parcial* presentada PRTC.[8] En síntesis, el foro sentenciador hizo formar en su escrito los fundamentos de prescripción realizados por PRTC, para fundamentar la desestimación de la acción instada contra PRTC.

Inconforme, el 15 de enero de 2025, la parte apelante compareció ante este Tribunal de Apelaciones mediante el presente recurso de *Apelación* en el cual señala la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTU[Ó] CONTRARIO [A] DERECHO Y EN VIOLACIÓN AL DEBIDO PROCESO DE LEY, AL DETERMINAR QUE LA CAUSA DE ACCI[Ó]N EST[Á] PRESCRITA ABSTRAYENDOSE EN SU AN[Á]LISIS DE LA TEOR[Í]A COGNOSITIVA DEL DAÑO.

El 12 de febrero de 2025 la parte apelada presentó el escrito titulado *Alegato de la parte apelada*. Contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. *Responsabilidad Civil Extracontractual***

El artículo 1536 del Código Civil de Puerto Rico de 2020 (Código Civil), 31 LPRA sec. 10801, rige lo relacionado a la responsabilidad civil derivada de actos u omisiones culposas o negligentes. En específico establece, que la persona que por acción u omisión causa daño a otra, mediando culpa o negligencia, queda obligada a reparar el daño causado. *Id.* Para establecer responsabilidad bajo esta disposición es necesario que exista un daño, una acción u omisión negligente y la correspondiente relación causal entre el daño y la conducta culposa o negligente. Por lo tanto, la reparación de un daño procede siempre y cuando se cumplan ciertos requisitos indispensables, sin los cuales no se configura la causa de acción por responsabilidad civil extracontractual. Es norma firmemente establecida en nuestra jurisdicción que en toda causa de acción al amparo

---

[8] Apéndice de *Apelación*, págs. 151-153.

del artículo 1802 del Código Civil, *supra*, el demandante tiene que establecer: (1) la existencia de una acción u omisión productora del acto ilícito extracontractual, (2) la antijuridicidad de la misma, (3) la culpa o negligencia del agente, (4) la producción de un daño y (5) la relación causal entre la acción u omisión y el daño. *Valle v. E.L.A.*, 157 DPR 1, 14 (2002).

El Tribunal Supremo de Puerto Rico ha definido la culpa o negligencia como aquella falta del debido cuidado que consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto que una persona prudente y precavida habría de prever en las mismas circunstancias. *Ramos v. Carlo*, 85 DPR 353, 358 (1962). Este deber de anticipar y prever los daños no se extiende a todo peligro imaginable, sino a aquel que llevaría a una persona prudente a anticiparlo. *Elba A.B.M. v. U.P.R.*, 125 DPR 294, 309 (1990); *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 19 (1987). De igual forma, tampoco es necesario que se anticipe la ocurrencia del daño en la forma precisa en que ocurrió, basta con que el daño sea una consecuencia natural y probable del acto u omisión negligente. *Tormos Arroyo v. D.I.P.*, 140 DPR 265, 276 (1996).

El elemento de la previsibilidad está íntimamente ligado al concepto de causalidad. Cabe mencionar que no basta la mera existencia de un daño y la acción u omisión negligente. Es imperativa la existencia de un nexo causal entre el daño y el acto culposo o negligente. En nuestro ordenamiento jurídico la doctrina que rige respecto al nexo o relación causal es la doctrina de la causalidad adecuada, según la cual "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general". *Valle v. E.L.A.*, 157 DPR pág. 19, que cita a *Toro Aponte v. E.L.A.*, 142 DPR 464 (1997), en la pág. 474, *Soto Cabral v. E.L.A.*, 138 DPR 298 (1995), *Miranda v. E.L.A.*, 137 DPR 700 (1994).

**B. *Moción de Desestimación***

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas antes del juicio en sus méritos. Esto es, que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de una vista plenaria. A esos efectos, la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008), citando a *Colón v. Lotería*, 167 DPR 625 (2006). La citada regla dispone "que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable". 32 LPRA Ap. V, R. 10.2.

Es norma asentada que, al examinar una petición desestimatoria, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos del modo más beneficioso a la parte demandante. *Cruz Pérez v. Roldan Rodríguez*, 206 DPR 261, 267 (2021), citando a López García v. López García, 200 DPR 50, 69 (2018); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). Ello conlleva que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429. Para que la moción de desestimación prevalezca "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013). Además, la desestimación tampoco procede si la demanda es susceptible de ser

enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429. La norma que impera en nuestro ordenamiento jurídico es que, cuando se interpone una moción de desestimación, el tribunal debe conceder el beneficio de cuanta inferencia sea posible de los hechos alegados en la demanda. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., Publicaciones JTS, 2011, Tomo II, pág. 532.

El Tribunal Supremo ha pautado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'". *Aut. Tierras v. Moreno & Ruiz Dev.  Corp.*, *supra*, en la pág. 429, que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994), *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio.

**C.** *Prescripción*

La prescripción es la defensa que se opone a quien no ejerce su causa de acción dentro del término fijado por ley para invocarlo. Artículo 1189 de Código Civil, 31 LPRA sec. 9481. Los plazos de prescripción comienzan a transcurrir cuando el demandante conoce o debe conocer la existencia del derecho a reclamar y la identidad de la persona a quien se le debe reclamar. Artículo 1190 de Código Civil, 31 LPRA sec. 9482. Las acciones prescriben por el mero paso del tiempo fijado por el estatuto. Artículo 1189 de Código Civil, 31 LPRA sec. 9481. Para que opere la defensa, debe haber transcurrido el termino plasmado en ley y debe ser alegado por quien se aprovecha de ella. Artículo 1192 de Código Civil, 31 LPRA sec. 9484.

El término prescriptivo puede ser interrumpido, a pesar de lo anterior, conforme a lo que dispone el Artículo 1197 del Código Civil, 31 LPRA sec. 9489, el cual establece lo siguiente:

(a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja;

(b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o

(c) por el reconocimiento de la obligación por el deudor.

El efecto que conlleva la interrupción es que comienza a transcurrir nuevamente el cómputo del término prescriptivo.

En las acciones originadas por acciones u omisiones culposas, el término prescriptivo comienza a de cursar "desde que ocurre el daño causado en cada ocasión". Artículo 1191 (f) de Código Civil, 31 LPRA sec. 9483.  Por otro lado, el Artículo 1204 (a) del Código Civil, 31 LPRA sec. 9496, establece el término prescriptivo de un (1) año para exigir las acciones sobre responsabilidad civil extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó.

**III**

La parte apelante nos señala que el Tribunal de Primera Instancia erró al determinar que la causa de acción estaba prescrita respecto a la parte apelada, abstrayéndose en su análisis de la teoría cognoscitiva del daño. No le asiste razón. Veamos.

En nuestro ordenamiento jurídico, las causas de acción que se originan por acciones u omisiones culposas prescriben al año, contando desde que la persona agraviada conoce de la existencia del daño y quien fue su causante.[9] Transcurrido el término de un año desde que la parte agraviada conoce la existencia del daño y quien lo causó, su causa de acción prescribe.[10] Este término prescriptivo puede ser interrumpido mediante la presentación, por parte del agraviado, de una reclamación

---

[9] Véase, Artículo 1204 (a) del Código Civil, *supra.*
[10] Véase, Artículo 1204 (a) del Código Civil, *supra.*

judicial o administrativa, una reclamación extrajudicial del acreedor dirigida a su deudor, o mediante el reconocimiento de la deuda realizado por el deudor.[11]

En el caso ante nuestra consideración, según surge de la *Demanda* presentada por la parte apelante, los hechos que dieron lugar a su causa de acción en daños y perjuicios contra el apelado, ocurrieron el 20 de marzo de 2023.[12] Luego, el 9 de septiembre de 2024, la *Demanda* fue presentada más de un año después de ocurridos los hechos que dieron lugar a su reclamación judicial.[13] Debido a que la parte apelante no interrumpió el termino prescriptivo frente al apelado, no erró el foro primario al determinar que la causa de acción del apelante frente al apelado estaba prescrita. Por tal razón, al estar prescrita procedía desestimar la causa de acción contra la parte apelada.

**IV**

Por los fundamentos que nos anteceden, confirmamos el dictamen apelado.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Aldebol Mora concurre con el resultado no escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Véase, Artículo 1197 del Código Civil, *supra*.
[12] Véase, Apéndice de *Apelación*, págs. 1-6.
[13] *Id.*